UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DAVID L. CHAPMAN,                          :
                                                          :   Civil Action No. 03-3692 (WHW)
            Plaintiff,                              :
                                                          :
v.                                                       :
                                                          :   **OPINION**
AMERICAN INSTITUTE OF CERTIFIED   :
PUBLIC ACCOUNTANTS,                      :   April 27, 2005
                                                          :
            Defendant.                           :
_____:

SUSAN D. WIGENTON, UNITED STATES MAGISTRATE JUDGE:

Before the Court is Plaintiff David L. Chapman's (hereinafter "Plaintiff") motion to amend his complaint to include a claim against Defendant the American Institute of Certified Public Accountants (hereinafter "Defendant" or "AICPA") for retaliatory discharge under the New Jersey Law Against Discrimination (hereinafter "LAD"), N.J.S.A. 10:5-1 et seq. The Court has read the written arguments submitted to the Court, and bases its ruling upon these submissions. The parties' submissions recount the pertinent facts sufficiently; thus the Court will not recount them here. For the following reasons, Plaintiff's motion to amend his complaint is denied.

Under Federal Rule of Civil Procedure 15(a), which governs motions for leave to amend, a party may amend its pleading, upon leave of Court, when justice so requires. Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993). See, e.g., Gregory v. Admin. Office of the Courts of N.J., 168 F.Supp.2d 319, 326 (D.N.J. 2001); Palladino v. VNA of Southern New Jersey, Inc., 68 F.Supp.2d 455, 476 (D.N.J. 1999). This Circuit holds that leave to amend a complaint should be

1

granted liberally, unless the non-movant can show that he or she will suffer undue prejudice if the motion is granted, or that there is evidence of bad faith, undue or unexplained delay, continual failure to cure any deficiency through previous amendments, or futility of the proposed amendment.  Id. at 1413-14.

Plaintiff here seeks leave to file an amended complaint a third time to assert claims that he simply failed to assert in a timely manner previously.  Plaintiff filed his first amended complaint improperly back in February 2004, and he failed to file his second amended complaint at all, though leave was granted in August 2004.  In Plaintiff's brief to the Court, Plaintiff's counsel, Ms. Cynthia Hardaway, represents that Plaintiff attempted to file his second amended complaint with the Court and to serve the second amended complaint upon Defendant via U.S. mail, but for some unknown reason, the papers did not arrive at either destination.  However, Plaintiff has offered virtually no proof of mailing, such as a certified mail receipt or an envelope returned to its sender, in support of this claim.

Plaintiff argues that leave to amend should be granted a third time, over seven months after the deadline to file set by order of this Court, because there is no undue prejudice to Defendant.  In support of this stance, Plaintiff claims that AICPA was aware of the fact that he intended to assert a claim of retaliatory discharge, since Plaintiff sought leave to add such a charge to his complaint, since both parties allegedly conducted discovery on the issue of retaliation, and since AICPA allegedly addressed such issues in its summary judgment motion currently pending before the Honorable William H. Walls, U.S.D.J.  Since Defendant had some notice and has already prepared arguments on the issue, Plaintiff argues, there would be no undue prejudice to Defendant if the Court were to grant leave to amend his complaint for a third time to

2

include the issue of retaliatory discharge under the LAD.

Of course, AICPA certainly disagrees with Plaintiff's conclusions about prejudice to Defendant in this matter. Defendant argues, inter alia, that a seven month delay to properly file caused by seemingly nothing more than carelessness is the epitome of undue delay as contemplated by the Federal Rules of Civil Proceudre. Contrary to Plaintiff's claims that Defendant fully briefed the retaliatory discharge issue in its summary judgment brief, Defendant contends that it only mentioned the issue to say that Plaintiff had in fact failed to file a second amended complaint alleging retaliatory discharge, and that by failing to do so, Plaintiff had abandoned this cause of action altogether. Defendant argues that the months of delay would make conducting discovery unfairly difficult, would prejudice Defendant in that AICPA filed its summary judgment motion under the belief that Mr. Chapman had abandoned the claim at issue, and would excuse and reward Plaintiff's repeated failure to adhere to the Federal Rules of Civil Procedure, the Local Rules of this District and the scheduling order set forth by this Court.

This Court is of the opinion that Plaintiff's failure to properly file his second amended complaint for seven months for no discernable reason is clearly undue and unexplained delay as contemplated by the Federal Rules. As stated above, Plaintiff filed his first amended complaint late and did not file his second amended complaint at all. Plaintiff's explanation for failing to file his second amended complaint is simply unacceptable. It is obviously Plaintiff's responsibility to ensure that the Court and Defendant received its submissions; this failure to do so is in no way excusable. Also, Defendant has relied on Plaintiff's apparent abandonment of his retaliatory discharge claim, and to allow Mr. Chapman to now assert this claim would unfairly burden Defendant with the prospect of conducting further discovery and submitting a renewed

3

summary judgment motion.  Though the guidelines governing leave to amend a complaint are contemplated to be pliable and flexible, the Rules simply cannot bear to be stretched as far as Plaintiff would have it in this matter.

In short, Plaintiff's seven month delay in filing his second amended complaint without a credible explanation amounts to undue and unexplained delay, and to allow Plaintiff to file his second amended complaint at this late juncture would cause Defendant to suffer undue prejudice. For the foregoing reasons, Plaintiff's motion to amend its complaint is DENIED.

                                                           **s/  SUSAN D. WIGENTON**
                                              UNITED STATES MAGISTRATE JUDGE

Orig:   Clerk
cc:     Honorable William H. Walls
         Parties
         File